IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW REED, DARRYL DANYLUK, SHAWN MCLAUGHLIN, and CONCORD ENERGY, LLC,<br><br>Defendants. | Civil Case No. 05-cv-178-WYD-BNB<br><br><br><br>CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT SHAWN McLAUGHLIN |

On February 1, 2005, Plaintiff U.S. Commodity Futures Trading Commission ("the Commission") filed a Complaint against, among others, Shawn McLaughlin ("McLaughlin" or "Defendant") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7. U.S.C. §§ 1 *et seq.* (2002).

### I.   CONSENTS AND AGREEMENTS

1. To effect settlement of the matters alleged in the Complaint in this action prior to a trial on the merits or further judicial proceedings, McLaughlin:

   a. Consents to the entry of this Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief ("Order");

   b. Affirms that he has read and agreed to this Order voluntarily, and that no threat or promise other than as set forth specifically herein, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order;

    c. *Acknowledges service upon him of the Summons and Complaint* in this action;

    d. Consents, solely for the purposes of settlement, to the jurisdiction of the Court in this action;

    e. *Admits that venue properly lies with this Court pursuant to Section* 6c of the Act, 7 U.S.C. § 13a-1.

    f. Waives:

      (i) The entry of findings of act and conclusions of law;

      (ii) All claims which may be available under the Equal Access to Justice Act, 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), relating to, or arising from, this action and any right pursuant to EAJA to seek costs, fees and other expenses relating to or arising from this action;

      (iii) Any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

      (iv) All rights of appeal from this Order.

    g. Agrees that he will not oppose enforcement of the order on the ground that it fails to comply with Rule 65(d) of the Federal Civil Rules of Civil Procedure and waives any objections based thereon;

    h. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order, to assure compliance with the Order, and for any other purposes relevant to this action, even if McLaughlin now or in the future resides outside the jurisdiction; and

      i.      Agrees that neither he nor any of his agents under his control shall take any action or make any public statement denying directly or indirectly, or creating, or tending to create the impression that any allegation in the Complaint and this order are without a factual basis; provided, however, that nothing in this provision shall have any effect on McLaughlin's (i) testimonial obligations; or (ii) right to take legal positions in other proceedings to which the Commission is not a party. Defendant shall take all steps necessary to ensure his agents under his control comply with this provision.

      j.      Agrees to cooperate with the Commission staff in the continuing litigation of this matter against any defendant not a party to this Order. As part of such cooperation, McLaughlin agrees, subject to all applicable privileges, to comply fully, promptly and truthfully with any reasonable inquiries or requests for information or testimony, including but not limited to, testifying at any trial or hearing in this action subject to the provisions of subparagraph h, above, or producing written statements or trial declarations to the Commission related to any trial of the subject matter of this proceeding.

2.      McLaughlin agrees that upon entry of this Consent Order, his motion to dismiss shall be deemed withdrawn.

3.      By consenting to the entry of this order, McLaughlin neither admits nor denies the allegations contained in the Complaint..

## II.    ORDER FOR PERMANENT INJUNCTION

Based upon and in connection with the foregoing conduct, **IT IS HEREBY ORDERED THAT**:

1. McLaughlin is permanently restrained, enjoined and prohibited from directly or indirectly engaging in any conduct that violates Sections 6(c), 6(d), and 9(a)(2) of the Act. 7 U.S.C. §§ 9, 13b, and 13(a)(2), including:

   a. Reporting any false, misleading or knowingly inaccurate information regarding crop or market information or conditions that affect or tend to affect the price of any commodity in interstate commerce; and

   b. Manipulating or attempting to manipulate the price of any commodity in interstate commerce or for future delivery on or subject to the rules of a registered entity.

2. McLaughlin is permanently restrained, enjoined and prohibited from applying for registration or engaging in any activity requiring such registration, or acting as a principal (as defined by the National Futures Association Registration Rule 101) of any registered entity or person, or entity or person required to be registered provided, however, should registration be required for trading in energy-related markets that currently is not subject to registration requirements, McLaughlin may submit an application for registration to be considered by the Commission.

3. The injunctive provisions of this Order shall be binding on McLaughlin, upon any person acting in the capacity of officer, agent, servant, or employee of McLaughlin, and upon any person who receives actual notice of this Consent Order by personal service or otherwise insofar as he or she is acting in active concert or participation with McLaughlin.

4

### III. ORDER FOR CIVIL MONETARY PENALTIES AND OTHER ANCILLARY RELIEF

**IT IS HEREBY ORDERED** that McLaughlin shall comply fully with the following terms, conditions and obligations relating to the payment of a civil monetary penalty.

1. A civil monetary penalty in the amount of Four Hundred and Fifty Thousand Dollars ($450,000) is assessed against McLaughlin, and is due and owing upon entry of the Order, plus post-judgment interest pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

2. Post-judgment interest shall accrue beginning on the date payment is due and shall be determined by using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961.

3. McLaughlin shall pay the above penalties by making electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Marie Batement - AMZ-300
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169

4. If payment by electronic transfer is chosen, contact Marie Bateman at 405-954-6569 for instructions. McLaughlin shall accompany payment of the penalty with a cover letter that identifies the Defendant, and the name and docket number of this

proceeding. McLaughlin shall simultaneously transmit a copy of the cover letter and the

form of payment to:

> Office of Cooperative Enforcement
> Division of Enforcement
> Commodity Futures Trading Commission
> Three Lafayette Centre.
> 1155 21st Street, NW
> Washington, DC 20581

### IV. MISCELLANEOUS PROVISIONS

1. <u>Notices.</u> All notices required by this Order shall be sent by certified mail,

return receipt requested, as follows:

> a. Notice to Plaintiff Commission:
> Division of Enforcement
> Commodity Futures Trading Commission
> 1155 21st Street, NW
> Washington, DC 20581
>
> b. Notice to Defendant Shawn McLaughlin:
> c/o Timothy R. Beyer, Esquire
> Brownstein Hyatt Farber & Schreck, P.C.
> 410 Seventeenth Street
> Twenty-Second Floor
> Denver, Colorado 80202-4437

2. <u>Successors and Assigns.</u> This Order shall inure to the benefit of and be

binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

3. <u>Counterparts.</u> This Order may be executed by the parties in counterparts

and by facsimile.

4. <u>Entire Agreement, Amendments and Severability.</u> This Order

incorporates all of the terms and conditions of the settlement among the parties. Nothing

shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced

to writing, (2) signed by all parties, and (3) approved by order of the Court.

5. <u>Invalidation</u>: If any provision of this Order, or if the application of any provisions or circumstances is held invalid, the remainder of the Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

6. <u>Waiver</u>: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

7. <u>Acknowledgments</u>: McLaughlin understands and acknowledges that this Consent Order must be accepted and ratified by the Commission before it becomes final.

Upon being served with copies of this Order after entry by the Court, McLaughlin shall sign an acknowledgment of such service and serve such acknowledgment on the Court and the Commission within seven (7) calendar days.

8. <u>Continuing Jurisdiction of this Court</u>. The Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

**DONE AND ORDERED** at Denver, Colorado this 12th day of March, 2007.

_____
Wiley Y. Daniel
United States District Judge

Consented to and
Approved for Entry by:

Dated: Washington, D.C.:

_____
Michael Solinsky
Glenn I. Chernigoff
Joseph F. Vargyas
Attorneys for Plaintiff

Dated:      Denver, Colorado:

_____
Timothy R. Beyer
Attorney for Shawn McLaughlin

Dated:      Denver, Colorado

_____
Shawn McLaughlin

8