IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW REED, DARRYL DANYLUK, SHAWN MCLAUGHLIN, and CONCORD ENERGY, LLC, <br><br> Defendants. | Civil Case No. 05-cv-178-WYD-BNB <br><br><br><br> CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT CONCORD ENERGY, LLC |

On February 1, 2005, Plaintiff Commodity Futures Trading Commission ("the Commission") filed a complaint against, among others, Concord Energy, LLC ("Concord" or "Defendant") alleging, as to Concord, that during the period July 2002 through October 2002 (the "relevant period"), employees of Concord knowingly delivered false, misleading or knowingly inaccurate information concerning natural gas trades to companies that compiled natural gas price indexes, and that they did so in an effort to manipulate the price of natural gas. The Complaint seeks injunctive and other equitable relief, including a civil monetary penalty, for violations of the Commodity Exchange Act, as amended ("Act"), 7. U.S.C. §§ 1 et seq. (2002). Defendant filed a motion to dismiss but has yet to file an answer to the Complaint.

## I.     CONSENTS AND AGREEMENTS

1.     To effect settlement of this action prior to a trial on the merits or further judicial proceedings, Concord:

      a.      Consents to the entry of this Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief ("Order");

      b.      Affirms that it has read and agreed to this Order voluntarily, and that no threat or promise other than as set forth specifically herein, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce Consent to this Order;

      c.      Acknowledges service of the Summons and Complaint;

      d.      Consents, solely for the purpose of settlement, to the jurisidcition of the Court in this action;

      e.      Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

      f.      Waives:

      (i)      all claims which may be available under the Equal Access to Justice Act, 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), relating to, or arising from, this action;

      (ii)      any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

      (iii) all rights of appeal from this Order.

      g.      Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order, to assure compliance with the Order, and for any other purposes relevant to this action, even if defendant or representatives of Concord now or in the future resides outside the jurisdiction; and

h.  Agree that neither it nor any of its agents under its control shall take any action or make any public statement denying directly or indirectly, or creating, or tending to create the impression that any allegation in the Complaint or findings or conclusions in this Order is without a factual basis; provided, however, that nothing in this provision shall have any effect on Concord's (i) testimonial obligations; or (ii) right to take legal positions in other proceedings to which the Commission is not a party. Defendant shall take all steps necessary to ensure its agents under its control comply with this provision.

i.  Agrees to cooperate with the Commission staff in the continuing litigation of this matter against any defendant not a party to this Order. As part of such cooperation, Concord agrees to:

(1) preserve for a period of five years from the date of this Order or upon full resolution of the proceedings stemming from the Complaint, whichever is later, all records relating to the subject matter of this proceeding, i.e., reporting of natural gas transactions for the period July 2002 through October 2002, including but not limited to audio files, e-mails, and trading records, and to notify the Division of Enforcement of the Commodity Futures Trading Commission before any such records are slated for destruction; and

(2) comply fully, promptly, and truthfully to any inquiries or requests for information by the Commission related to the subject matter of this proceeding, including but not limited to inquiries or requests:

(i)  for authentication of documents;

(ii)  for any documents within Concord's possession, custody, or control, including inspection and copying of documents;

(iii)to  produce any current (as of the time of the request) officer, director, employee, or agent of Concord's, regardless of the employee's location and at such location that minimizes Commission travel expenditures, to provide assistance at any trial, proceeding, or Commission investigation related to the subject matter of this proceeding, including but not limited to, requests for testimony, depositions, and/or interviews, and to encourage them

3

       to testify completely and truthfully in any such proceeding, trial, or investigation; and

    (iv) for assistance in locating and contacting any prior (as of the time of the request) officer, director, or employee of Concord's.

2. Concord agrees that upon entry of this Consent Order, its motion to dismiss shall be deemed withdrawn.

3. By consenting to the entry of this Order, Concord neither admits nor denies the allegations of the Complaint or any of the Findings of Fact and Conclusions of Law contained in Parts II and III of this Order. However, Concord agrees, and the parties to this Order intend, that the allegations of the Complaint and the findings of fact made by this Court shall be taken as true and correct and given preclusive effect, without further proof, in any proceeding in bankruptcy or to enforce the terms of this Order.

## FINDINGS OF FACT AND CONCLISONS OF LAW

1. The Court, being fully advised in the premises, finds that there is good cause for the entry of this Order and that there is no just reason for delay. This Court therefore directs the entry of Findings of Fact and Conclusion of Law and a permanent injunction and other equitable relief, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein.

## II. FINDINGS OF FACT

A. The Commodity Exchange Act

2. The Act, 7 U.S.C. § 1 *et seq.*, and the Commodity Futures Trading Commission's Regulations, 17 C.F.R. § 1.1 *et seq.*, establish a comprehensive system for regulating the purchase and sale of commodities in interstate commerce or for future

delivery on or subject to the rules of a contract market. One of the primary purposes of the Act is to protect against market manipulation.

B.  **The Commission**

3. Plaintiff Commission is an independent federal regulatory agency charged with the administration and enforcement of the Act, 7 U.S.C. § 1 *et seq.*, and the regulations promulgated thereunder, 17 C.F.R. § 1.1 *et seq.*

D.  **Concord**

4. Defendant Concord is a limited liability company headquartered at 165 South Union Boulevard, Lakewood, Colorado. Defendant McLaughlin founded Concord on or about June 18, 2002 as a natural gas trading and marketing company, which has offices in Colorado and Calgary, Alberta. Defendant McLaughlin is president of Concord and held that position during the relevant period.

E.  **Natural Gas Price Indexes**

5. During the relevant period, Concord sought to buy and sell natural gas for profit and its traders engaged in transactions calling for actual physical delivery of natural gas ("physical trades").

6. Natural gas is a commodity typically transported in interstate commerce through a network of pipelines throughout the United States.

7. Physical trades are typically priced either with a fixed price set at the time of the transaction or with reference to an index to be set at a later date.

8. During the relevant time period, natural gas companies and traders, including Concord, reported natural gas market information to companies that compiled natural gas price indexes ("index compilers"). The index compilers included *Gas Daily*.

5

9. The reported market information included price and volume information for natural gas transactions entered into by market participants for delivery at a specific location or hub.

10. Natural gas traders, including Concord traders, generally knew that the index publications compiled their price indexes using price and volume data from fixed price physical trades executed and reported by the traders.

11. Daily indexes are calculated on a day-ahead basis. They are derived from prices and volumes of natural gas transactions scheduled for delivery on the following day. Thus, for example, the daily index prices for Wednesday are based on price and volume data submitted by market participants on Tuesday. During the relevant period, *Gas Daily* issued daily indexes for various delivery locations.

12. Participants in the natural gas industry widely used the daily price indexes to determine price and settlement of index trades. Natural gas futures traders referred to the index prices for price discovery and assessing price risk.

13. The price and volume information reported to the index compilers was market information that affects or tends to affect the price of natural gas, a commodity in interstate commerce.

### E. False Reporting and Attempted Manipulation at Concord

14. During the relevant period, Concord, through its employees, reported or caused to be reported natural gas trade information, including price, volume and delivery point/pricing location, to *Gas Daily*.

15. During the relevant period, Concord, through the actions of at least two employees, knowingly delivered reports to *Gas Daily* that contained fictitious trades or

false or misleading or knowingly inaccurate price and volume information for purported natural gas trades. Concord, through its employees, submitted these false reports in an attempt to manipulate *Gas Daily* price indices.

16. Most of the false reports submitted by Concord *Gas Daily* were made during the period of September 10, 2002 through October 9, 2002, a period in which more than 20% of the natural gas trades Concord executed were priced off a *Gas Daily* index. In submitting the false reports, Concord reported more than 1.2 million MMBTUs in fictitious volume.

17 On each occasion that Concord, through its employees, knowingly submitted, or caused to be submitted, reports of natural gas transactions that included false or misleading or knowingly inaccurate prices and/or volumes, Concord did so in an attempt to manipulate the price of natural gas, which, if successful, could have affected the price of natural gas futures and options contracts traded on the New York Mercantile Exchange ("NYMEX").

### III. CONCLUSIONS OF LAW

18. Defendant Concord violated Section 9(a)(2) of the Act when, through its employees, Concord knowingly delivered, or caused to be delivered by facsimile reports to *Gas Daily* containing market information that Defendant knew to false or misleading or knowingly inaccurate, including price and volume information for purported natural gas trades. Such false or misleading or knowingly inaccurate reports concerned market information or conditions that affected or tended to affect the price of natural gas, a commodity in interstate commerce.

19. Defendant Concord violated Sections 6(c), 6(d) and 9(a)(2) of the Act by attempting to manipulate natural gas price indexes by delivering, or causing to be delivered, false or misleading or knowingly inaccurate reports of natural gas trades to index compilers.

20. The foregoing acts, omissions and failure of employees, officials, agents occurred within the scope of each person's employment or office within Concord. Concord is liable, therefore, for these acts pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B).

## IV. ORDER FOR PERMANENT INJUNCTION

With the consent of the Commission and Concord, **IT IS NOW HEREBY ORDERED THAT**:

1. Concord is permanently restrained, enjoined and prohibited from directly or indirectly engaging in any conduct that violates Sections 6(c), 6(d), and 9(a)(2) of the Act, 7 U.S.C. §§ 9, 13b, and 13(a)(2), including:

    a. Reporting any false, misleading or knowingly inaccurate information regarding crop or market information or conditions that affect or tend to affect the price of any commodity in interstate commerce; and

    b. Manipulating or attempting to manipulate the price of any commodity in interstate commerce or for future delivery on or subject to the rules of a registered entity.

2. The injunctive provisions of this Order shall be binding on Concord, upon any person acting in the capacity of officer, agent, servant, or employee of Concord, and

upon any person who receives actual notice of this Consent Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Concord.

## V.   ORDER FOR CIVIL MONETARY PENALTIES AND OTHER ANCILLARY RELIEF

With the consent of the Commission and Concord, **IT IS NOW HEREBY ORDERED** that Concord shall comply fully with the following terms, conditions and obligations relating to the payment of a civil monetary penalty.

1. A civil monetary penalty in the amount of Eight Hundred Thousand Dollars ($800,000) is assessed against Concord, and is due and owing ten days from the date of this Order, plus post-judgment interest pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

2. Post-judgment interest shall accrue beginning on the date payment is due and shall be determined by using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961.

3. Concord shall pay the above penalty by making electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Marie Batement - AMZ-300
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169

4. If payment by electronic transfer is chosen, contact Marie Bateman at 405-954-6569 for instructions. Concord shall accompany payment of the penalty with a cover letter that identifies the Defendant, and the name and docket number of this proceeding. Concord shall simultaneously transmit a copy of the cover letter and the form of payment to:

> Office of Cooperative Enforcement
> Division of Enforcement
> Commodity Futures Trading Commission
> Three Lafayette Centre
> 1155 21st Street, NW
> Washington, DC 20581

### VI. MISCELLANEOUS PROVISIONS

1. *Notices.* All notices required by this Order shall be sent by certified mail, return receipt requested, as follows:

> a. Notice to Plaintiff Commission:
> Division of Enforcement
> Commodity Futures Trading Commission
> 1155 21st Street, NW
> Washington, DC 20581

> b. Notice to Defendant Concord Energy LLC:
> c/o Timothy R. Beyer, Esquire
> Brownstein Hyatt Farber & Schreck, P.C.
> 410 Seventeenth Street
> Twenty-Second Floor
> Denver, Colorado 80202-4437

2. *Successors and Assigns.* This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

3. *Counterparts.* This Order may be executed by the parties in counterparts and by facsimile.

4.      Entire Agreement, Amendments and Severability. This Order incorporates all of the terms and conditions of the settlement among the parties. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court.

5.      Invalidation: If any provision of this Order, or if the application of any provisions or circumstances is held invalid, the remainder of the Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

6.      Waiver: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

7.      Acknowledgements: Concord understands and acknowledges that this Consent Order must be accepted and ratified by the Commission before it becomes final.

Upon being served with copies of this Order after entry by the Court, Concord shall sign an acknowledgment of such service and serve such acknowledgment on the Court and the Commission within seven (7) calendar days.

8.      Continuing Jurisdiction of this Court. The Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

9. Each person executing this Order represents, warrants and covenants that he/she has the full right and authority to enter into this Agreement on behalf of the Party on whose behalf such execution is made, and has the full right and authority to fully bind said Party to the terms and obligations of this Order.

**DONE AND ORDERED** at Denver, Colorado this 12th day of March, 2007.

_____
Wiley Y. Daniel
United States District Judge

Consented to and
Approved for Entry by:

Dated: Washington, D.C.:

_____
Michael Solinsky
Glenn I. Chernigoff
Joseph F. Vargyas
Attorneys for Plaintiff

Dated: Denver, Colorado:

_____
Timothy R. Beyer
Attorney for Concord Energy LLC

Dated: Denver, Colorado

_____
For Concord Energy, LLC:
Shawn McLaughlin, President