IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-178-WYD-BNB

U.S. COMMODITY FUTURES TRADING COMMISSION,

        Plaintiff,

v.

MATTHEW REED, et al.,

        Defendants.

_____

**STIPULATION AND PROTECTIVE ORDER**
_____

      IT IS HEREBY AGREED by and between The McGraw-Hill Companies, Inc. ("McGraw-Hill"), Plaintiff United States Commodity Futures Trading Commission ("Commission"), and Defendant Matthew Reed ("Reed") (collectively, "the Parties"), through their respective counsel, that in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, a protective order should be entered pursuant to the following terms and provisions:

      1.    For purposes of this protective order, "Protected Documents" shall include the following: (i) all documents obtained from McGraw-Hill pursuant to the subpoena issued on May 3, 2008 to McGraw-Hill by the Commission or in response to any other subpoena issued in the above-captioned case that are entitled to the protection of the qualified reporter's privilege, *see CFTC v. McGraw-Hill Companies, Inc.*, 390 F. Supp.2d 27 (D.D.C. October 4, 2005); *CFTC v. Whitney,* 441 F. Supp.2d 61 (D.D.C. July 25, 2006); *CFTC v. Bradley, et al.*, Docket. Nos. 140 and 154 (N.D.Ok Case No. 05-CV-62); and (ii) testimony or portions of testimony that may be taken from current or former McGraw-Hill employees, to the extent such testimony is entitled to

1

protection of the qualified reporter's privilege. For the purposes of this case only, the Protected Documents also shall include the testimony or portions of testimony of current or former McGraw-Hill employees taken by the CFTC pursuant to subpoena, and documents produced by McGraw-Hill to the CFTC pursuant to subpoena in other litigation, provided that: (i) the testimony or documents are entitled to the protection of the reporter's privilege as defined in the cases cited above; (ii) the CFTC is required to produce a copy of the or testimony transcript or documents in discovery in this case; and (iii) such testimony or documents from the other litigation are subject to a protective order between the CFTC and McGraw-Hill in the other litigation. If all of these conditions are met, then the CFTC will move the Court in the other litigation to permit the CFTC to produce the documents in discovery in this case.

2. Except as provided below, the Commission and Reed shall limit their dissemination of the Protected Documents to the parties, their attorneys, their employees, court reporters, experts, consultants and witnesses, and these individuals or entities shall be similarly bound by this Protective Order. Individuals or entities who are given access to the Protected Documents shall be provided with a copy of this Protective Order prior to receipt of the documents and advised that the Protected Documents may not be used or disclosed other than in accordance with this Protective Order.

3. In the case of any documents produced by McGraw-Hill in the above-captioned action, McGraw-Hill shall designate those documents that contain information subject to the reporter's privilege in accordance with the cases cited in Paragraph 1, *supra*. All documents so designated shall be deemed Protected Documents subject to this Protective Order. In the case of the transcript of any deposition that may be taken of McGraw-Hill or any of its current or former employees for use in this case, the entire transcript shall, in the first instance, be deemed to be a

McGraw-Hill Protected Document subject to this Protective Order. The Commission or Reed, however, may provide the transcript of any such deposition to McGraw-Hill and request that McGraw-Hill designate the specific portions of the transcript subject to the reporter's privilege. After such designation is made, only such designated portions of the transcript shall be deemed Protected Documents subject to this Protective Order.

4. Use by the Commission and Reed of the Protected Documents shall be limited to the captioned civil action brought by the Commission against Defendants only and shall not be shared, with any individual or entity beyond those designated pursuant to paragraph 1, and the Protected Documents will not be used by the Commission or Reed, their attorneys, employees, court reporters, experts, consultants or witnesses for any other commercial, business, competitive, or other purpose, or for any other judicial, quasi-judicial or administrative proceedings, investigations, disputes or cases.

5. The Commission and Reed shall file under seal any protected documents which are attached to any pretrial filings. ~~Any pretrial filing that reveals the content of any protected document shall be filed under seal and a version of any such filing that redacts the portions that reveal the content of any McGraw-Hill protected document shall be filed publicly~~. The filing under seal shall be accomplished in accordance with all applicable rules and procedures for filings under seal as established by the United States District Court for the District of Colorado. The Court may order any McGraw-Hill Protected Document it relies on in making any pretrial ruling unsealed.

6. Should any party or third party to this case seek to challenge the sealed status of any materials filed with the Court pursuant to this Protective Order, that party or third party shall serve all parties in this case and McGraw-Hill with said motion at least seven (7) days in

3

advance of any scheduled hearing date. McGraw-Hill must file and serve its response within four (4) days of being served with the motion. The material shall remain sealed pending the Court's resolution of the dispute.

7. The Commission or Reed may object at any time to the continued treatment of the Protected Documents as subject to the terms of this Protective Order. Whenever the Commission or Reed objects to the continued treatment of the Protected Documents as subject to this Protective Order, that party shall inform McGraw-Hill of its objection, and its reasons for such objection in writing. Such writing shall be delivered to McGraw-Hill by hand delivery, courier or facsimile transmission. McGraw-Hill shall consider the objection and negotiate with the objecting party, in good faith, in an attempt to resolve the objection. If McGraw-Hill and the objecting party are unable to come to an agreement regarding said objection, the objecting party may seek a ruling from this Court as to whether the documents should remain subject to the Protective Order, or under what terms such documents may be disclosed or used for purposes beyond those contemplated by this Protective Order. Until the Court enters an order, if any, changing the designation of any Protected Documents, the documents shall remain subject to the terms of this Protective Order.

8. The Commission will keep McGraw-Hill informed as to the trial date in the case and other deadlines regarding use of the protected documents at trial in this matter so that McGraw-Hill has the opportunity to take whatever steps McGraw-Hill deems necessary in advance of trial in this matter, subject to the discretion of the Court, to address treatment of the Protected Documents at trial.

9. Within 90 days after the end of this case, including the exhaustion of all appeals, all Parties shall return the originals and all copies of the Protected Documents or provide a

certificate of destruction to McGraw-Hill that said documents have been destroyed, except that: (i) any Protected Documents that have been referred to or attached to any pleadings, motions or other materials filed in this civil case need not be returned or destroyed; and (ii) the Commission shall retain, in accordance with the requirements of its document disposition schedule, copies of the Protected Documents. Copies of the McGraw-Hill documents excepted above will remain subject to the terms of this Protective Order so long as they are not returned or destroyed.

10. Any notices to be provided to McGraw-Hill pursuant to this Order shall be provided to Victor A. Kovner, Esq. and Carolyn K. Foley, Esq. by facsimile at (212) 489-8340, or email at victorkovner@dwt.com and carolynfoley@dwt.com, and by first class (or express) mail to Davis Wright Tremaine, LLP 1633 Broadway, New York, NY 10019.

11. The terms of this Protective Order shall remain in effect until modified, superseded, or terminated by the Court. The terms of this Protective Order shall be binding upon the conclusion of this action and the Court shall retain jurisdiction to enforce the terms of this Protective Order.

12. McGraw-Hill shall produce the documents called for by the Commission's May 3, 2008 subpoena five (5) business days after entry of this Order.

SO ORDERED.

Dated July 22, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

STIPULATED AND AGREED TO:

/s/ Michael Solinsky
Counsel for The United States Commodity Futures Trading Commission


/s/ Elizabeth L. Harris
Counsel for Defendant Matthew Reed


/s/ Carolyn K. Foley
Counsel for The McGraw-Hill Companies, Inc.