FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 8 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW REED, DARRELL DANYLUK, SHAWN MCLAUGHLIN, and CONCORD ENERGY, LLC,<br><br>Defendants. | Civil Case No. 05-cv-178-WYD-BNB<br><br>CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT MATTHEW REED |

On February 1, 2005, Plaintiff U.S. Commodity Futures Trading Commission ("the Commission") filed a Complaint against, among others, Matthew Reed ("Reed" or "Defendant") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002).

## I. CONSENTS AND AGREEMENTS

1. To effect settlement of the matters alleged in the Complaint in this action prior to a trial on the merits or further judicial proceedings, Reed:

   a. Consents to the entry of this Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief ("Order");

   b. Affirms that he has read and agreed to this Order voluntarily, and that no threat or promise other than as set forth specifically herein, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order;

  c. Acknowledges proper service upon him of the Summons and Complaint in this action;

  d. Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

  e. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

  f. Waives:

   (i) The entry of findings of fact and conclusions of law;

   (ii) All claims that he may possess under the Equal Access to Justice Act (EAJA) ("EAJA"), 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), relating to, or arising from, this action and any right pursuant to EAJA to seek costs, fees and other expenses relating to or arising from this action;

   (iii) Any claim that he may possess under the Small Business Regulatory Enforcement Fairness Act, Pub. L. No. 104-121, 110 Stat. 847 (1996), as amended by Pub. L. No. 110-28, 121 Stat. 112 (2007), relating to or arising from this action;

   (iv) Any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

   (v) All rights of appeal in this action.

  g. Agrees that he will not oppose enforcement of the Order on the ground that it fails to comply with Rule 65(d) of the Federal Civil Rules of Civil Procedure and waives any objections based thereon;

h.  Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order, to assure compliance with the Order, and for any other purpose relevant to this action, even if Reed now or in the future resides outside the jurisdiction; and

i.  Agrees that neither he nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Reed's (i) testimonial obligations; or (ii) right to take legal positions in other proceedings to which the Commission is not a party. Defendant shall take all steps necessary to ensure his agents and employees comply with this provision.

2.  By consenting to the entry of this Order, Reed neither admits nor denies the allegations contained in the Complaint.

## II. ORDER FOR PERMANENT INJUNCTION

Based upon and in connection with the foregoing conduct, IT IS HEREBY ORDERED THAT:

1.  Reed is permanently restrained, enjoined and prohibited from directly or indirectly engaging in any conduct that violates Sections 6(c), 6(d), and 9(a)(2) of the Act, 7 U.S.C. §§ 9, 13b, and 13(a)(2), including:

    a. Reporting any false, misleading or knowingly inaccurate information regarding crop or market information or conditions

3

that affect or tend to affect the price of any commodity in interstate commerce; and

b. Manipulating or attempting to manipulate the price of any commodity in interstate commerce or for future delivery on or subject to the rules of a registered entity.

2. Reed is permanently restrained, enjoined and prohibited from applying for registration or engaging in any activity requiring such registration, or acting as a principal (as defined by National Futures Association Registration Rule 101) of any registered entity or person, or entity or person required to be registered.

3. The injunctive provisions of this Order shall be binding on Reed, upon any person acting in the capacity of officer, agent, servant, or employee of Reed, and upon any person who receives actual notice of this Consent Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Reed.

## III. ORDER FOR CIVIL MONETARY PENALTY AND OTHER ANCILLARY RELIEF

IT IS HEREBY ORDERED that Reed shall comply fully with the following terms, conditions and obligations relating to the payment of a civil monetary penalty.

1. Reed shall pay a civil monetary penalty in the amount of Four Hundred and Seventy-Five Thousand Dollars ($475,000), plus post-judgment interest, within ten (10) days of the date of entry of this Order pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

2. Post-judgment interest shall accrue beginning on the eleventh day after the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

3. Reed shall pay his civil monetary penalty by making electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

>Commodity Futures Trading Commission
>Division of Enforcement
>ATTN: Marie Bateman - AMZ-300
>DOT/FAA/MMAC
>6500 S. MacArthur Blvd.
>Oklahoma City, OK 73169
>Telephone 405-954-6569

4. If payment by electronic transfer is chosen, Reed shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Reed shall accompany payment of the penalty with a cover letter that identifies Reed and the name and docket number of this proceeding. Reed shall simultaneously transmit copies of the cover letter and the form of payment to: (1) the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581; and (2) the Chief, Office of

Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, at the same address.

## IV. MISCELLANEOUS PROVISIONS

1. <u>Notices.</u> All notices required by this Order shall be sent by certified mail, return receipt requested, as follows:

   a. Notice to Plaintiff Commission:
      Division of Enforcement
      Commodity Futures Trading Commission
      1155 21st Street, NW
      Washington, DC 20581

   b. Notice to Defendant Matthew Reed:
      c/o Elizabeth L. Harris, Esquire
      Jacobs Chase Frick Kleinkopf & Kelley, L.L.C.
      1050 17th Street, Suite 1500
      Denver, Colorado 80265

2. <u>Successors and Assigns.</u> This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

3. <u>Counterparts.</u> This Order may be executed by the parties in counterparts and by facsimile.

4. <u>Entire Agreement, Amendments and Severability.</u> This Order incorporates all of the terms and conditions of the settlement among the parties. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court.

5. <u>Invalidation:</u> If any provision of this Order, or if the application of any provisions or circumstances is held invalid, the remainder of the Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

6. <u>Waiver</u>: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

7. <u>Acknowledgments</u>: Reed understands and acknowledges that this Consent Order must be accepted and ratified by the Commission before it becomes final.

Upon being served with copies of this Order after entry by the Court, Reed shall sign an acknowledgment of such service and serve such acknowledgment on the Court and the Commission within seven (7) calendar days.

8.  <u>Continuing Jurisdiction of this Court</u>. The Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

DONE AND ORDERED at Denver, Colorado this 13th day of November, 2008.

*[signature]*
Wiley Y. Daniel
United States District Judge

Consented to and
Approved for Entry by:

Dated:    Washington, D.C.:    *[signature]*
Michael Solinsky
James A. Garcia
August A. Imholtz III
Kassra Goudarzi
Glenn I. Chernigoff
Attorneys for Plaintiff Commodity Futures
    Trading Commission

Dated:    Denver, Colorado:    *[signature]*
Elizabeth L. Harris
Lawrence M. Zavadil
Jeffrey A. Chase
Attorneys for Matthew Reed

Dated:    Sandy, Utah:    *[signature]*
Matthew L. Reed

8